NAME AND ADDRESS OF ATTORNEY: PRO-PER
ARMANDO GOMEZ F69767
MULE CREEK STATE PRISON M2-A-6up
P.O. BOX 409000 IONE,CA.95640
PHONE:

FILED
MAR 13 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

TRIAL JUDGE
HON.DANA M.SABRAW

COURT REPORTER

ARMANDO GOMEZ
(Appellant/Appellee) Plaintiff

vs

SAN DIEGO FAMILY COURT
(Appellant/Appellee) Defendant

CIVIL NO. 08-0013 DMS (BLM)

NOTICE OF APPEAL (Civil)

Notice if hereby given that ARMANDO GOMEZ

Plaintiff IN Defendant above named, hereby appeals to the United States Court

of Appeals for the: (check appropriate box)

Ninth Circuit XX Federal Circuit

from the: (check appropriate box)

XX Final Judgment Order (describe) SUA SPONTE DISMISSAL

entered in this proceeding on the 21 day of FEBRUARY , 2008 .
Transcripts required Yes No. XX
Date civil complaint filed: JANUARY 2 2008 .

Date: 3/10/2008

[signature: Armando Gomez]
Signature

::ODMA\PCDOCS\WORDPERFECT\17861\1 May 5, 1999 (10:03am)

ARMANDO GOMEZ F69767
M.C.S.P M2-A-6up
P.O.BOX 409000
IONE,CA.95640

UNITED STATES COURT OF APPEAL 9th CIRCUIT

| | |
|---|---|
| Plaintiff-Appellant<br><br>ARMANDO GOMEZ<br><br>v.<br><br>Defendant<br><br>SAN DIEGO<br>FAMILY COURT | (1)NOTICE OF APPEAL CIVIL CASE NUMBER 3:08-cv-13 COMPLAINT UNDER THE CIVIL RIGHTS ACT 42.U.S.C.§1983<br><br>(1)MOTION TO CONTINUE TO PROCEED IN FORMA PAUPERIS |

APPELLANT BRIEF
SUBJECT MATTER AND JURISDICTION

The District Court had subject matter jurisdiction under 28U.S.C.§1331 because the complaint raises a federal question ,wether defendants violated the plaintiffs rights under the UNITED STATES CONSTITUTION?

This great court has appellate jurisdiction under 28U.S.C. §1291 because the Sua Sponte dismissal with leave to ammend DENIED is a final judgment.Judgment entered on 2/21/08.

ISSUE PRESENTED FOR REVIEW

1.Whether the District Court in Sua Sponte dismissing complaint improperly decided factual issues.

2.Whether the Plaintiff's factual allegations of complete denial of Due Process-Equal Protection and Access to The Courts under the 1st,5th,& 14th Amendments raised material issues actionable under Title 42§ 1983.

STATEMENT OF THE CASE

Proceedings

This is a Civil Rights Action brought by appellant who aleges that he was completely denied Due Process and Equal Protection as well notification and access to the courts. The District court Sua Sponte dismissed the complaint denying leave to amend on the grounds that complaint fails to state claim under 42 U.S. C. § 1983, that Rooker/Feldman doctrine bars complaint even if federal constitutionals issues are raised and that judges are absolutely immune from liability even if their acts are flawed by comissions of grave procedural errors.



Original

POINT_ONE__

The District Courts Sua Sponte dismissal is tantamount to a judicially false conclusion based on faulty facts and flawed arguments.

False conclusion one

Plantiff fails to make cognizable claim under 42 u.s.c. § 1983

Legal Facts

This great Appellate Court & U.S. Supreme Court, has long recognized that state interference with the fundamental liberty interest of companionship and society with ones child is a cognizable claim* remediable under 42 § 1983 and Constitutional Amendments 1, 14. Psychoanalysis vs O' Connor 121 Supreme Court 1602, 532 U.S. 972 Lee vs City Of Los Angeles, 250 F 3d 668 C.A. 9(cal) 2001. Mabe vs San Bernardino County 237 F. 3d 1101 C.A. (cal) 2001. Wallis vs Spencer 202 F.3d 1126 C.A. 9(cal) 2000.

***CLAIM COGNIZABLE WHEN DUE PROCESS IS DENIED IN CUSTODY HEARING!**

LOGICAL CONCLUSION

The District Court errored in not finding a cognizable Civil Rights Claim. The facts in the complaint show very clearly that Plantiff-Appellant was completely denied Due Process & Equal Protection under the law.

False Conclusion Two

Rooker-Feldman doctrine bars complaint from proceeding.

Legal Facts

Collins vs Kansas 174 F. Supp 2d 1195 Rightly Promulgates, " if the purpose of a Federal action is seperable from and collateral to a state court judgement, then the claim is not inextricably intertwined with the state judgement Rooker ~~vs~~ Feldman does not apply.

The applicable Federal Court inquiry is whether the injury alledged by the federal Plaintiff resulted from the State Court judgement or is distinct from that judgement.

Plaintiff-Appellant contends that his Federal Constitutional Rights were violated the second the custody hearing started without Plaintiff Appellant being notified or present in court.

The Constitutional Injuries raised in this civil rights com--plaint occurred well before the (judgment) which is collateral and separable from the Federal claim.

## Logical Conclusion

Rooker-Feldman Doctrine bar was wrongly applied in this case since the Plaintiff Appellant makes it clear in his 42§ 1983 cause of action & supporting facts that Plaintiff-Appellant is challengeing denial of Due Process, Equal Protection, notification and acccess to the courts not the substance of the judgement.

As recently delineated in People vs Flores citing unavailable. Court of Appeal number D047249. On a question of applying the reversable error doctrine to a structural defect of constitutional dimensions. The appellate court rightly concluded, "when a structual defect amounts to denial of due process there is no lawful judgement within the meaning of the constitution in which to apply the reversable error standard."

I submit that this Civil Rights Complaint is analogous to the aformentioned case in that there was no lawful judgement in family court within the meaning of the constitution and therefore the Rooker-Feldman doctrine cannot bar this complaint from proceeding in Federal Court.

## False Conclusion Three

Absolute immunity acts as a bar to this complaint.

## Legal Facts

The complaint makes it very clear that Plaintiff-Appellant is not asking that Judge Lorna Alksne be liable for anything in any way.

## Logical Conclusion

The absolute immunity bar to this Civil Rights Complaint is a moot point, because Plaintiff-Appellant does not seek or request the judge be liable for anything.

## Summary of Brief

The District Court errored accross the board in Sua Sponte dismissing of the 42 §1983 complaint for failure to state claim and for seeking damages against immune defendants.

## STATEMENTS OF FACTS

The plaintiff was completely denied Due Process Equal Protection, notification and access to the courts before and during a spontaneous child custody hearing on 5/11/06, in Dept. F-4 San Diego Family Court.

The defendants never complied with the rules of the court or Due Process Protections to make sure Plantiff was legally notified in a timely manner of a Child Custody Hearing that could affect his rights as a father.

When the Family Court was notified by Plantiffs Ex-Wife Kim Gomez, that plantiff was incarcerated and could not be in court. The court proceeded anyway in a violation of Federal and Constitutional Due Process and Equal protection and access to court Laws and Californias Law P.C. § 2625 (b) & (C), Which mandates an incarcerated defendant in a Child Custody proceeding must be transported and appear in court.

The judge Lorna Alksne, then did something that plantiff believes borders on misconduct. She put her name on a Child Custodyand Visitation order attached which states on number 12. NOTICE and OPPORTUNITY TO BE HEARD. (The responding party Plantiff was given. notice and opportunity to be heard, as provided by the Laws of California.) The evidence shows this is absolutely not true. On page one of the findings and order after the hearing 1.) Respondent/Defendant present it says INCARCERATED, ATTORNEY PRESENT (NONE). **There was no notice or opportunity to be heard!!!**

## SUMMARY CONCLUSION

The facts as presented especially in light of the Federal judicial doctrines that Federal Courts construe pro se complaints liberally in Civil Rights actions and on review of a dismissal for failure to state claim. All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the Plaintiffs. As should apply in this case.

Federal Rules Of Civil Procedure. Rule 12 (b)(6), 28u.s.c.
Lee vs City Of Los Angeles 250 F 3d 668 9th Circuit. (2001)
Collis vs Kansas F Supp 2d 1195.

## ARGUMENT

Appellant humbly & Respectfully cites the second and most profound paragraph starts* "WE HOLD THESE TRUTHS TO BE SELF_EVIDENT THAT ALL MEN ARE CREATED EQUAL, THAT THEY ARE ENDOWED BY THIER CREATOR WITH WITH CERTAIN UNALIENABLE RIGHTS THAT AMONG THESE ARE LIFE, LIBERTY AND THE PURSUIT OF HAPPINESS". **Surely the inherent Human Rights of parenting and association with ones child are inextricably intertwined with these fundamental Constitutional Rights!**

* Paragraph cited is the second paragraph of the UNITED STATES DECLARATION OF INDEPEDENCE.

## PRAYER FOR RELIEF

Petitioners prays that for the foregoing reasons and in the interestof elemental fairness the cornerstone of justice and our constitution that this great Appelate Court reverse or void the Sua Sponte dismissal of the aforementioned 42 § 1983 complaint. That the court declare the rights of the parties, that the case be remanded to the district court for a 3 judge trial and any other relief this great Appelate Court deems appropriate to protect the rights of the parties,and that the motion to proceed in FORMA PAUPERIS that was granted by District Court be regranted or extended by this Appelate Court to cover the cost of this appeal. Appelate's financial situation has not improved since the granting of said motion .

I swear under the penalty of perjury that the foregoing is true and correct .

RESPECTFULLY SUBMITTED,

ARMANDO GOMEZ.

SIGNED, Armando Gomez

DATED, 3-6-08

Original of 4 copies

AO 450 Judgment in a Civil Case

# United States District Court

**SOUTHERN DISTRICT OF CALIFORNIA**

Armando Gomez

V.

San Diego Family Court

**JUDGMENT IN A CIVIL CASE**

**CASE NUMBER:** 08cv0013-DMS (BLM)

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

Plaintiff's Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(a) is Granted. The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). All payments shall be clearly identified by the name and number assigned to this action. Plaintiff's Complaint is Dismissed for failing to state a claim and without further leave to amend pursuant to 28 U.S.C. 1915(e)(2) and 1915A. Plaintiff is further notified that this dismissal may later be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g). The Clerk shall close the file.

February 21, 2008
Date

W. Samuel Hamrick, Jr.
Clerk

s/ L Odierno
(By) Deputy Clerk

ENTERED ON February 21, 2008

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ARMANDO GOMEZ,
CDCR #F-69767

Plaintiff,

vs.

SAN DIEGO FAMILY COURT,

Defendant.

Civil No. 08-0013 DMS (BLM)

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, ASSESSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; AND**

**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).**

**[Doc. No. 2]**

Plaintiff, an inmate currently incarcerated at Mule Creek State Prison located in Ione, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that a San Diego Superior Court Judge violated his constitutional rights when denied joint custody of his child. (Compl. at 3.) Plaintiff has not



original

prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I. Motion to Proceed IFP**

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850

(finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)

### A. Standard of Review

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601,

604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**B. Rooker Feldman Doctrine**

In Plaintiff's Complaint, he claims that a San Diego Superior Court Judge violated his constitutional rights when his ex-wife was awarded sole custody of their child and refused to issue a continuance of the hearing so that Plaintiff could be transported from the County Jail to Family Court. (Compl. at 3.) Plaintiff asks that this Court reverse the judgment issued by San Diego Superior Court Judge Aksne and restore joint custody between the two parents. (*Id.* at 7.)

////

////

The *Rooker-Feldman* doctrine provides that "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)), *cert. denied*, 119 S.Ct. 868 (1999); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Review of state court decisions may only be conducted in the United States Supreme Court. *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257.

The *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional issues. *Feldman*, 460 U.S. at 483 n.16 & 486; *Henrichs v. Valley View Development*, 474 F.3d 609, 613 (9th Cir. 2007). More specifically, the bar applies if the challenge to the state court decision is brought as a § 1983 civil rights action alleging violations of due process and equal protection. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986).

A complaint challenges a state court decision if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's decision in a judicial proceeding. *Feldman*, 460 U.S. at 483 n.16. "[T]he federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987)(Marshall, J., concurring); *see also Worldwide Church of God*, 805 F.2d at 891-92.

Because Plaintiff is requesting this Court overturn the custody order made in state court, his claims are inextricably intertwined with the state court proceedings, and are barred by the *Rooker-Feldman* doctrine. As such, Plaintiff's Complaint as currently pleaded is subject to dismissal for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) & 1915A.

////

////

////

**C. Absolute Immunity**

Moreover, in Plaintiff's Complaint he alleges that San Diego Superior Court Judge Aksne violated his constitutional rights when he was denied custody of his child. (Compl. at 3.) However, this Defendant is entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (noting the longstanding rule that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

Accordingly, the Court finds that Plaintiff's Complaint must be **DISMISSED** for failing to state a claim upon which relief can be granted and for seeking relief against defendants who are immune pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Because it does not appear "at all possible that the plaintiff can correct the defect(s)" of his pleading, further leave to amend is **DENIED** as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

**III. Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

(2) The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(3) The Clerk of the Court is directed to serve a copy of this Order on James Tilton,

Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

(4) Plaintiff's Complaint [Doc. No. 1] is **DISMISSED** for failing to state a claim and without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is further notified that this dismissal may later be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g).[1]

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: February 21, 2008

HON. DANA M. SABRAW
United States District Judge

[1] 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal ... under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("Pursuant to § 1915(g), a prisoner with three strikes," *i.e.*, prior federal cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on grounds that they were frivolous, malicious, or failed to state a claim, "cannot proceed *IFP*.").

# Notice of Appeal Notification Form

**To:** Clerk, U.S. Court of Appeals **Date:** 03/18/08
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title: Armando Gomez v. San Diego Family Court

U.S.D.C. No.: 08cv0013 DMS (BLM) U.S.D.C. Judge: Dana M. Sabraw

Complaint/Indictment/Petition Filed: Complaint

Appealed Order Entered: 2/21/2008

Notice of Appeal Filed: 3/13/2008

Court Reporter: n/a

COA Status: [ ] Granted in full/part (appeal only) [ ] Denied (send clerk's file)

## Docket Fee Notification

Docket Fee: [ ] Paid [ ] Not Paid [x] No Fee Required

USA/GOVT. APPEAL: [ ] Yes [x] No

Date F/P granted (Show Date and Attach Copy of Order): 2/21/2008

Was F/P Status Revoked? [ ] Yes [x] No

Companion Case(s): (Please list consolidated cases, if applicable) ____________

## Counsel Information

**Appellant Counsel:**

Armando Gomez
F-69767

PO Box 409000
Ione, CA 95640

**Appellee Counsel:**

None

Counsel Status: [ ] Retained [ ] Appointed [x] Pro Se

Appointed by: ____________
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number: F-69767

Bail: ____________

Custody: x

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| x | F/P Order |
| | Minute Order |
| x | Other: Clerk's Judgment entered 2/21/2008, Order granting IFP and Dismissing Complaint entered 2/21/2008 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

Lauren Hammer — Deputy's Name

L. Hammer — Deputy's Signature

**UNITED STATES DISTRICT COURT**
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To: Clerk, U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

Re: **USCA No:**
**USDC No: 08cv0013 DMS (BLM)**
**Gomez v. San Diego Family Court**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | | | | |
|---|---|---|---|---|---|---|
| x | Copy of the Notice of Appeal | | | x | Docket Entries | |
| x | Case Information/Docket Fee Payment Notification Form | | | | | |
| | Order for Time Schedule (Criminal) | | | | | |
| | Original Clerk's Record in | | | set(s) of | | volume(s). |
| | Reporter's transcript's transcripts in | | | set(s) of | | volume(s). |
| | Exhibits in | | envelope(s) | | box(es) | | folders(s) |
| x | Judgement Order | | | x | F/P Order | |
| | CJA Form 20 | | | | Minute Order | |
| | Certificate of Record | | | | Mandate Return | |
| | Magistrate Judge's Report and Recommendation | | | | | |
| | COA Order | | | | | |
| | Amended docket fee notification form | | | | | |
| | Order Appointing Counsel for Appeal | | | | | |
| x | Order granting IFP and Dismissing Complaint entered 2/21/2008 | | | | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | | | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

Date: 03/18/08

By: **L. Hammer**
Lauren Hammer, **Deputy**